USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: **8-26-22**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: JOHN E. GURA, JR.
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2712
Fax No.:        (212) 637-2717
john.gura@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff and Judgment-Creditor, | : |
|  | : |
| - v.- | : |
|  | : |
| DARLENE RITTER, | : |
| Defendant and Judgment-Debtor, | : |
| and | : |
| BOWERY RESIDENTS COMMITEE, INC., | : |
| Garnishee. | : |

<u>ORDER OF GARNISHMENT</u>

10 CR 0950-01 (TPG)

------------------------------------------------------------x

        Plaintiff United States of America (the "United States" or the "Government")

having filed an application for a Writ of Garnishment; Bowery Residents Commitee, Inc. (the

"Garnishee") having filed an answer; the defendant Darlene Ritter (the "defendant") having

failed to file any response to the Government's application or the Garnishee's answer; the time

for the defendant to appear or file any objections with respect to the Writ of Garnishment having

expired; it is hereby

ORDERED, ADJUDGED AND DECREED that the Garnishee shall pay the

United States twenty-five (25) percent of the defendant's disposable earnings, as defined in 15

U.S.C. § 1673, and continue such payments until the debt to the Government is paid in full or

until the Garnishee no longer has custody, possession or control of any property belonging to the

defendant or until further order of this Court.  Payment should be made to the "Clerk of the

Court," and mailed to the United States District Court, 500 Pearl Street, Room 120, New York,

New York 10007, Attn: Cashier.

Dated: New York, New York
      July 26   , 2022

_____
UNITED STATES DISTRICT JUDGE

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:  JOHN E. GURA, JR.
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.:  (212) 637-2712
Fax No.:          (212) 637-2717
john.gura@usdoj.gov

RECEIVED

JUL 22 2022

IN MISCELLANEOUS UNIT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

UNITED STATES OF AMERICA,                    :        NOTICE OF SETTLEMENT
                                                               OF ORDER
                                                          :

          Plaintiff and                              :        10 CR 0950-01 (TPG)
          Judgment-Creditor,                  :

          - v.-                                           :

DARLENE RITTER,                                    :

          Defendant and                           :
          Judgment-Debtor,                      :

          and                                            :

BOWERY RESIDENTS COMMITEE, INC.,    :

          Garnishee.                                  :

-------------------------------------------------------------------x

          PLEASE TAKE NOTICE that, pursuant to Local Rule 77.1 of the Civil Rules of this

Court, a proposed Order, a copy of which is annexed hereto, will be presented to the Clerk of the

Court States District Court, Southern District of New York, in the United States Courthouse, 500

Pearl Street, New York, New York  10007 for submission to the Court, on July 27, 2022.

Dated: New York, New York
     July  20  , 2022

                         DAMIAN WILLIAMS
                         United States Attorney for the
                         Attorney for the United States
                         of America

By: _____

                         JOHN E. GURA, JR.
                         Assistant United States Attorney
                         86 Chambers Street
                         New York, New York 10007
                         Telephone No.:  (212) 637-2712
                         Fax No.:        (212) 637-2717

To:     Darlene Ritter
        14310 Farmers Blvd
        Jamaica, NY 11434

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED STATES OF AMERICA,                          :        <u>DECLARATION</u>

                  Plaintiff and                    :        10 CR 0950-01 (TPG)
                  Judgment-Creditor,

                               :

                  - v.-                                :

DARLENE RITTER,                                    :

                  Defendant and                    :
                  Judgment-Debtor,

                  and                              :

BOWERY RESIDENTS COMMITEE, INC.,                   :

                  Garnishee.                       :

-------------------------------------------------------------x

        John E. Gura, Jr. pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

        1.    I am an Assistant United States Attorney in the office of Geoffrey S. Berman, United States Attorney for the Southern District of New York, attorney for plaintiff United States of America (the "United States" or the "Government"). I am in charge of the prosecution of this case, and I am familiar with the matters set forth herein. The information contained in this declaration was obtained from the records and files of the United States Attorney's Office.

        2.    I submit this declaration in support of the Government's proposed Order of Garnishment in this case.

3. On or about February 12, 2000, the Government filed an Application for a Writ of Garnishment of the defendant's wages, in accordance with 28 U.S.C. §3205(b)(1) (the "Application").

4. The Court granted the Government's Application and issued a Writ of Garnishment (the "Writ") directing that Bowery Residents Commitee, Inc. (the "Garnishee") file an answer to the Writ and withhold and retain any property in which the defendant has a substantial nonexempt interest. A copy of the Writ is attached hereto as Exhibit A.

5. On February 26, 2020, the Government served the Garnishee and the defendant with a copy of the Application, the Writ, the Notice of Garnishment and Instructions to Garnishee, the Notice of Garnishment and Instructions to Defendant, and the Clerk's Notice of Post-Judgment Garnishment (the "Clerk's Notice") pursuant to 28 U.S.C. § 3205(c)(3).

6. The Clerk's Notice, inter alia, informed the Garnishee and the defendant that: (i) the Writ directed the withholding of up to 25 percent of the defendant's disposable earnings pursuant to 15 U.S.C. § 1673; (ii) disposable earnings are defined, pursuant to 15 U.S.C. § 1672, as that part of the defendant's earnings remaining after the deduction from those earnings any amounts that are required by law to be withheld (i.e., taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.); and (iii) the defendant has a right to request a hearing pursuant to 28 U.S.C. § 3205(c)(5). A copy of the Clerk's Notice is attached hereto as Exhibit B.

7. The Notice of Garnishment and Instructions to Defendant notified the defendant that unless, within twenty days from the date of receipt of the answer of the Garnishee, the defendant filed a written objection the answer, a court order would be entered attaching the defendant's funds or property and that the funds would be applied against the judgment owed the

Government.  A copy of the Notice of Garnishment and Instructions to Defendant is attached

hereto as Exhibit C.

        8.     On or about 7/1/2022, the Garnishee served and filed an answer, and

stated that the defendant was employed by Bowery Residents Commitee, Inc., and that the

defendant's weekly wages were as follows:

| | |
|---|---|
| Gross pay | $1,330.62 |
| Federal income Tax | $ 173.95 |
| City and State and other Tax | $ 94.61 |
| Total Tax withholdings | $ 268.56 |
| Net Wages | $1,062.06 |

A copy of the Garnishee's answer is attached hereto as Exhibit D.

        9.     The defendant has not responded to the Government's request that the

defendant make voluntary payments toward the debt.  The defendant has not filed a written

objection to the answer nor requested a hearing pursuant to 28 U.S.C. § 3205(c)(5), and the time

for the defendant to object or request a hearing has expired.

        WHEREFORE, your declarant respectfully requests that the Court enter an order

directing the Garnishee to pay to the Government twenty-five percent of the defendant's

disposable earnings, as defined in 15 U.S.C. § 1672, and continue such payments until the debt

to the Government is paid in full, or until the Garnishee no longer has custody, possession or

control of any property belonging to the defendant, or until further order of this Court.

Dated: New York, New York
      July   Z O   , 2022

                                            _____
                                       JOHN E. GURA, JR.
                                       Assistant United States Attorney



GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: JOHN E. GURA, JR.
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2712
Fax No.:          (212) 637-2717
john.gura@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

               Plaintiff and
               Judgment-Creditor,

               -v.-

DARLENE RITTER,

               Defendant and
               Judgment-Debtor,

               and

BOWERY RESIDENTS COMMITEE, INC.,

               Garnishee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PART I

WRIT OF GARNISHMENT

10 CR 0950-01 (TPG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/12/2020

GREETINGS TO:     BOWERY RESIDENTS COMMITEE, INC.
                      131 W 25th Street, 12th Fl
                      New York, NY 10001
                      Attn: Payroll Department

        An application for a Writ of Garnishment against the property of defendant

Darlene Ritter, (the "debtor"), whose last known address is 14310 Farmers Blvd,  Jamaica, NY

11434, has been filed with this Court.  On November 2, 2011, a judgment arising out of an order

of restitution was entered against the debtor in the amount of $1,471,975.00. The balance due on the judgment as of February 10, 2020, is $1,470,479.19.

You are required by law to withhold and retain any property in which the debtor has a substantial nonexempt interest and for which you have or may become indebted to the debtor pending further order of the Court. You are required by law to file a written answer, under oath, within ten (10) days of service of this writ stating whether or not you have in your custody, control or possession, any property owned by the debtor, including nonexempt, disposable earnings. Please state whether or not you anticipate making any future payments to the debtor and whether such payments will likely be weekly, bi-weekly or monthly.

You must file the original answer to this writ with the Clerk of the United States District Court, Southern District of New York, United States Courthouse, 500 Pearl Street, New York, New York 10007, Attn: Arraignment Unit Room 520. Additionally, you are required to serve a copy of the answer upon the debtor Darlene Ritter, at 14310 Farmers Blvd, Jamaica, NY 11434, and upon Assistant United States Attorney John E. Gura, Jr., United States Attorney's Office, 86 Chambers Street, New York, New York 10007.

There may be property which is exempt by law from this writ of garnishment. Property which is exempt and which is not subject to this writ is listed on the annexed Notice from the Clerk of the United States District Court.

Pursuant to 15 U.S.C. § 1674, as Garnishee, you are prohibited from discharging the debtor from employment by reason of the fact that the debtor's earnings have been subject to garnishment.

If you fail to answer this writ or withhold property in accordance therewith, the United States of America may petition the Court for an order directing you to appear before the court to show good cause why you failed to comply with this writ. If you fail to appear or do

appear and fail to show good cause why you failed to comply with the writ, the court shall enter

a judgment against you for the value of the debtor's nonexempt interest in the property.

It is unlawful to pay or deliver to the debtor any items attached by this writ.

Dated: New York, New York

February *12* , 2020

So Ordered:

_____

UNITED STATES DISTRICT JUDGE



GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: JOHN E. GURA, JR
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2712
Fax No.:          (212) 637-2717
john.gura@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                           :
UNITED STATES OF AMERICA,
                                                           :     CLERK'S NOTICE OF
                                                                 POST-JUDGMENT
                                                           :     GARNISHMENT
               Judgment-Creditor,
                                                           :     10 CR 0950-01 (TPG)
        - v.-
                                                           :
DARLENE RITTER,
                                                           :
               Defendant and
               Judgment-Debtor,
                                                           :
        and
                                                           :
BOWERY RESIDENTS COMMITEE, INC.,
                                                           :
               Garnishee.
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        You are hereby notified that non-exempt earnings are being taken by the United

States Government (the "Government"), which has a judgment against you in the above-

captioned action in the sum of $1,471,975.00, arising from an order of restitution.  A balance of

$1,470,479.19 remains outstanding as of February 10, 2020.

        In addition, you are hereby notified that there are exemptions under the law which

may protect some of this property from being taken by the Government if you can show that the

exemptions apply.  Attached is a summary of the major exemptions which apply in most situations under federal law.

       If you are Darlene Ritter and you disagree with the reason the Government gives for taking your property now, or if you think you do not owe the money to the Government that it says you do, or if you think the property the Government is taking qualifies under one of the exemptions, you have a right to ask the Court to return your property to you.

       If you want a hearing, you must promptly notify the court. You must make your request in writing, and either mail it or deliver it in person to the Clerk of the Court at the United States District Courthouse 500 Pearl Street, New York, New York 10007.  If you wish, you may use this notice to request the hearing by checking the box at the end of this notice and mailing this notice to the Clerk of the Court.  You must also send a copy of your request to John E. Gura, Jr., Assistant United States Attorney at the United States Attorney's Office, 86 Chambers Street, New York, New York 10007, so the Government will know you want a hearing.  The hearing will take place within five days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible.  At the hearing you may explain to the judge why you think you do not owe the money to the Government, why you disagree with the reason the Government says it must take your property at this time, or why you believe the property the Government has taken is exempt or belongs to someone else.  You may make any or all of these explanations as you see fit.

       If you think you live outside the Federal judicial district in which the court is located, you may request, not later than 20 days after you receive this notice, that this proceeding to take your property be transferred by the court to the Federal judicial district in which you reside.  You must make your request in writing, and either mail it or deliver it in person to the Clerk of the Court at the United States District Courthouse 500 Pearl Street, New York, New

York 10007.  You must also send a copy of your request to the Government at the United States

Attorney's Office, 86 Chambers Street, New York, New York 10007 Attn: John E. Gura, Jr.,

Assistant United States Attorney, so the Government will know you want the proceeding to be

transferred.

    Be sure to keep a copy of this notice for your own records.  If you have any

questions about your rights or about this procedure, you should contact a lawyer, an office of

public legal assistance, or the Clerk of the Court.  The Clerk is not permitted to give legal advice,

but can refer you to other sources of information.

                 2/12/2020

         CLERK
         UNITED STATES DISTRICT COURT

_____ I/we request a hearing

Clerk's Office
United States District Court
500 Pearl Street
New York, New York .10007

Date:_____

_____
Defendant and
Judgment-Debtor

(____)_____
Telephone

## CLAIM FOR EXEMPTION FORM
## EXEMPTIONS UNDER FEDERAL LAW (18 U.S.C. § 3613)

NOTE: 18 U.S.C. § 3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Service Code.

I claim that the exemption(s) from enforcement which are checked below apply in this case:

_____ 1. Wearing apparel and school books. - Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family.

_____ 2. Fuel, provisions, furniture, and personal effects. - So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed $9,690 in value.

_____ 3. Books and tools of a trade, business, or profession. - So many of the books, and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate $4,850 in value.

_____ 4. Unemployment benefits. - Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

_____ 5. Undelivered mail. - Mail, addressed to any person, which has not been delivered to the addressee.

_____ 6. Certain annuity and pension payments. - Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of United States Code.

_____ 7. Workmen's Compensation. - Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

_____ 8. Judgments for support of minor children. - If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

_____ 9.  Certain service-connected disability payments.  -  Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of Title 38, United States Code) disability benefit under– (A) subchapter II, III, IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 23, 31, 32, 34, 35,37, or 39 of such Title 38.

_____ 10.  Assistance under Job Training Partnership Act.  -  Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

_____ 11.  Minimum exemptions for wages, salary and other income.  -  The exemptions under 26 U.S.C. § 6334(a)(9) do not apply in criminal cases.  The exceptions under the Consumer Credit Protection Act, 15 U.S.C. § 1673, for disposable earnings, automatically apply and do not need to be claimed.  The aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 % of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

## Restrictions on Garnishment (15 U.S.C. § 1673)

The portion of your weekly earnings subjected to garnishment cannot be greater than 25% of your weekly disposable (i.e., after withholding) earnings OR the amount by which your disposable weekly earnings exceed $217.50, whichever is less.

The statements made in this claim of exemptions and request for hearing as to exemption entitlement and fair market value of the property designated are made and declared under penalty of perjury that they are true and correct.

I hereby request a court hearing to decide the validity of my claims.  Notice of the hearing should be given to me by mail at the following address:

_____

_____

_____

Telephone Number:  _____

Cell phone Number:  _____


_____

Debtor's printed or typed name


_____

Signature of debtor


_____

Date

# IMPORTANT STATEMENT

This wage garnishment directs the withholding of up to 25 percent of the judgment-debtor's disposable income. In certain cases, however, federal law does not permit the withholding of that much of the debtor's disposable income. The judgment debtor is referred to Title 15 of the United States Code § 1671, et seq.

## I. Limitations on the amount that can be withheld

A. If judgment-debtor's weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($7.25 per hour), or $217.50, no deduction can be made under this wage garnishment.

B. A judgment-debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying thirty (30) times the current federal minimum wage ($7.25 per hour), or $217.50 under this wage garnishment.

C. If deductions are being made from a judgment-debtor's gross income under any orders for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent (25%) of the judgment-debtor's disposable earnings, no deductions can be made under this wage garnishment.

D. If deductions are being made from a judgment-debtor's gross income under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five percent (25%) of the judgment-debtor's disposable earnings, deductions may be made under the wage garnishment. However, the amount arrived at by adding the deductions made under this wage garnishment to the deductions made under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five (25%) of the judgment-debtor's disposable earnings.

**NOTE: Nothing in this notice limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.**

## II. Explanation of limitations

### Definitions
**Disposable Earnings** - Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.).

**Gross Income** - Gross income is salary, wages or other income including any and all overtime earnings, commissions and income from trusts, before any deductions are made from such income.



GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: JOHN E. GURA, JR.
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2712
Fax No.:  (212) 637-2717
john.gura@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NOTICE OF GARNISHMENT AND INSTRUCTIONS TO DEFENDANT |
| Plaintiff and Judgment-Creditor, | : | |
| | : | 10 CR 0950-01 (TPG) |
| -v.- | : | |
| DARLENE RITTER, | : | |
| | : | |
| Defendant and Judgment-Debtor, | : | |
| and | : | |
| BOWERY RESIDENTS COMMITEE, INC., | : | |
| | : | |
| Garnishee. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

YOU ARE HEREBY NOTIFIED that a Garnishment was issued based upon a judgment entered against you on November 2, 2011, and that the Garnishment was served on Bowery Residents Commitee, Inc. (the "Garnishee"), and it is believed that the Garnishee may have property of yours in its custody, possession or control.